IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-78-FL

| | |
|---|---|
| STEPHEN INGRAM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAKE COUNTY GOVERNMENT, )<br>WAKE COUNTY HUMAN )<br>SERVICES; JACK H. ROGERS, III; )<br>LILLIAN OVERTON; and LEWIS D. )<br>JACKSON, JR., )<br>)<br>Defendants. ) | ORDER |

This matter comes before the court on the motion of defendants for summary judgment (DE # 76). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb issued a memorandum and recommendation ("M&R") wherein he recommends the court grant defendants' motion (DE # 86). Plaintiff, proceeding *pro se*, timely filed objection to the M&R (DE # 92), and defendants neither objected nor responded to plaintiff's objections. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, overrules plaintiff's objections, and grants defendants' motion.[1]

## BACKGROUND

Plaintiff, an African-American male, previously worked as a senior case manager in the interstate enforcement section of Wake County Government. Plaintiff was terminated from this

---

[1] Plaintiff also moved for hearing to respond to the M&R (DE #87). As the record before the court is adequate to address plaintiff's objections to the M&R, the motion is DENIED.

position on March 8, 2006. Plaintiff initiated this action on February 28, 2008, alleging defendants terminated him on the basis of his race and gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1981. Plaintiff also alleges defendants retaliated against him for engaging in protected conduct in violation of Title VII and his termination infringes upon his constitutional right to work in an environment free from discrimination in violation of 42 U.S.C. § 1983.

On September 30, 2009, defendants filed the instant motion for summary judgment, arguing plaintiff fails to establish a *prima facie* case of discrimination or retaliation. The undersigned referred the motion to the magistrate judge for M&R, and on January 28, 2010, the magistrate judge issued his recommendation. In his objections, plaintiff contends the magistrate judge failed to draw all reasonable inferences in his favor and argues summary judgment is improper.

## DISCUSSION

A.  Standard of Review

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). A party may object to the magistrate judge's proposed findings by filing "written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objection." Local Civil Rule 72.4. The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B.  Discriminatory Discharge Claims

To establish a *prima facie* case for disparate treatment under Title VII or discrimination under 42 U.S.C. § 1981, plaintiff must show (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job in a satisfactory manner at the time of the adverse action; and (4) that similarly situated employees outside of the class were treated differently. See Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 188 (4th Cir. 2004).

The magistrate judge concludes that plaintiff fails to establish a *prima facie* case for disparate treatment because he does not show he was performing his job in a satisfactory manner. Even had plaintiff met this initial burden, the magistrate judge finds plaintiff has failed to show that defendants' legitimate non-discriminatory reason for terminating him was pretextual.

In his objections, plaintiff contends that the question of defendants' credibility prevents the court from awarding summary judgment for defendants at this time. According to plaintiff, defendants lack credibility because they discussed his termination in advance of his pre-dismissal conference and provided inconsistent reasons for his dismissal.[2] Even if these contentions created a question of credibility, defendants are still entitled to summary judgment as plaintiff has failed to meet *his* initial burden of showing he was adequately performing his job at the time of termination. Thus, summary judgment is appropriate for defendants on plaintiff's discriminatory discharge claim.

C.  Retaliation Claims

---

[2] In support, plaintiff offers emails by defendants which include drafts of termination letters and which state plaintiff's termination was based on failure to provide written documentation and not in regard to any specific calculation of the amount of benefits overpaid. (DE # 80, 49–51; DE # 92, Ex. 6.) Plaintiff contends this latter email shows that his termination was not based on his written warnings. However, the excerpt of the email plaintiff provides does not support his point. The email shows that plaintiff's termination was based on his overall poor work performance which was the basis for his prior warnings and clarifies that the termination was not based on any specific amount of overpayment in benefits.

3

To establish a *prima facie* case of retaliation, plaintiff must show (1) he engaged in protected activity, (2) that defendants took adverse action against him, and (3) that a causal connection exists between the protected activity and adverse action. See Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Once the plaintiff establishes a *prima facie* case of retaliation, the burden shifts to defendants to show a legitimate non-retaliatory reason for the action. Id. If defendants satisfy this burden, the burden shifts back to plaintiff to show defendants' reasons are pretextual. Id.

Here, the magistrate judge concludes that plaintiff established a *prima facie* case for retaliation but failed to rebut defendants' non-retaliatory reason for discharge. While plaintiff claims in his objection that defendants' reasons for termination are false, he fails to offer any evidence demonstrating pretext. Accordingly, plaintiff has failed to satisfy his rebuttal burden and summary judgment is likewise appropriate for defendants on plaintiff's retaliation claims.

D. Constitutional Claims

Plaintiff does not offer specific objections to the magistrate judge's recommendation regarding plaintiff's claims raised pursuant to 42 U.S.C. § 1983. Upon review of the record and pertinent case law, the court agrees with the magistrate judge's recommendation that summary judgment be granted for defendants on this claim.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of the uncontested proposed findings and conclusions, the court ADOPTS as its own the magistrate judge's recommendations (DE # 86), OVERRULES plaintiff's objections (DE # 92), and GRANTS defendants' motion for summary judgment (DE # 76). Additionally, plaintiff's motion for hearing

4

on the M&R is DENIED. (DE # 87.) The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 7th day of April, 2010.

                                  _____
                                  LOUISE W. FLANAGAN
                                  Chief United States District Judge